UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>BENJAMIN QUINONEZ,<br><br>   Defendant. | Case No. 4:02-cr-027-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Quinonez's motion for compassionate release. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In 2003, the Court sentenced Quinonez, to 480 months imprisonment on charges of leading a conspiracy to distribute illegal drugs and money laundering. His drug ring sold methamphetamine and other illegal drugs in Eastern Idaho for over a decade. More than 30 pounds of methamphetamine were attributed to him along with substantial amounts of other drugs. He has not served half of his sentence, and has at least 15 years to serve before his expected release date in 2036.

## LEGAL STANDARD

Quinonez brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative

remedies within the Bureau of Prisons (BOP).  In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

Quinonez is 56 years old and in relatively good health.  He has some family history of asthma and diabetes but is not suffering those ailments himself, and his high blood pressure is treatable.  Releasing him now would cut more than 15 years off his prison sentence.  Most importantly, he was not just a mule in the distribution ring – he was the leader, and his conspiracy sold drugs for over a decade in substantial quantities rarely seen in this State.  If the defendant is released, his good health would allow him to return to selling methamphetamine, causing a serious risk to others in the community.  Under the statute discussed above, the Court must find that "the defendant is not a danger

to the safety of any other person or to the community." The Court cannot make that finding.

For all these reasons, the motion will be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 172) is DENIED.

DATED: August 4, 2020

B. Lynn Winmill
U.S. District Court Judge

**Memorandum Decision & Order – page 3**